UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFREY GARRETT                                     CIVIL ACTION

VERSUS                                              NO: 14-1198

ADCOCK CONSTRUCTION CO., ET AL                 SECTION: J(5)

## ORDER AND REASONS

Before the Court is a *12(b)(6) Motion to Dismiss* **(Rec. Doc. 12)** filed by Defendant, Adcock Construction Company ("Adcock"), as well as an *Opposition* **(Rec. Doc. 15)** by Plaintiff Jeffrey Garrett ("Plaintiff"), and Adcock's *Reply* (**Rec. Doc. 17**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED.**

### PROCEDURAL AND FACTUAL BACKGROUND

This claim derives from injuries Plaintiff allegedly sustained as a contracted employee of Adcock. In 2008, Adcock contracted with Prism Hotels Corporation to renovate all guest rooms at the Astor Crown Plaza Hotel in New Orleans and subsequently hired Plaintiff to perform furniture refinishing work as part of the project. (Rec. Doc. 1-1, p. 1-2; Rec. Doc. 15, p. 1). Plaintiff alleges that on September 23, 2008 he was working at the hotel renovating armoires in one of the hotel rooms. While he was in the process of creating

1

ventilation to deal with the fumes generated by the refinishing, he alleges he "sustained a severe cut to his arm which subsequently resulted in numerous infections and multiple injuries." (Rec. Doc. 15, p. 2; Rec. Doc. 1-1, p. 2). On March 31, 2014, Plaintiff filed suit against Adcock and Adcock's insurance company (which Plaintiff has fictitiously named ABC Insurance Company) alleging that Adcock's negligence, including its failure to provide a safe work environment and enact adequate safety standards, served as the cause in fact of Plaintiff's injuries. (Rec. Doc. 1-1, p. 2-3). Plaintiff seeks damages for pain and suffering, mental anguish, medical expenses, and loss of income. (Rec. Doc. 1-1, p. 3). Adcock removed the case to this Court on May 27, 2014.

On August 4, 2014, Adcock filed the instant motion seeking dismissal of the case on the basis that Plaintiff's claim has prescribed. (Rec. Doc. 12-1, p. 2).

## PARTIES' ARGUMENTS

Adcock argues that Plaintiff's complaint should be dismissed for failing to state a plausible claim on the basis that prescription has run. Adcock argues that because Plaintiff alleges he sustained injury on September 23, 2008, he had only "one year, or until September 23, 2009, to bring his suit for negligence against Adcock." (Rec. Doc. 12-1, p. 3).

Plaintiff argues that contrary to Adcock's assertion, prescription has not yet run on his claim. Plaintiff asserts that

2

on September 23, 2009, he filed a workers' compensation claim with the Louisiana Office of Workers' Compensation ("OWC") against Adcock and other parties. The Office of Workers' Compensation granted summary judgment in favor of Adcock upon a finding that Garrett was not an employee of Adcock at the time of the incident. (Rec. Doc. 15, p. 2). Plaintiff appealed this decision to the Louisiana Fourth Circuit Court of Appeal, which on August 13, 2013 affirmed the ruling and dismissed Garrett's claim. Garrett argues that the filing of his claim with the Office of Workers' Compensation interrupted prescription, which ultimately commenced upon the Fourth Circuit's dismissal of the claim on August 13, 2013. As such, Plaintiff contends that his claim would not have prescribed until August 13, 2014, and thus, his filing of the instant claim on March 31, 2014 was proper.

In its *Reply*, Defendant argues that if the Court accepts Plaintiff's assertion that the filing of his workers' compensation claim interrupted prescription of his tort claim against Defendant, that prescription resumed running from the date the OWC entered judgment on the claim, and not when the Fourth Circuit affirmed the judgment. (Rec. Doc.17-2, p. 2-3). As such, Defendant contends that Plaintiff's tort claim prescribed on September 17, 2013, one year from the OWC's judgment, making his filing of the present lawsuit on March 31, 2014 untimely.

**LEGAL STANDARD**

3

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Generally, the party asserting an exception of prescription bears the burden of proof, however, the burden of showing that a claim has not prescribed switches to the plaintiff "when prescription is evident from the face of the pleading." *Brees v. Houser*, No. 13-4760, 2014 WL 3587333 at *3 (E.D. La. Jul. 21, 2014)

(Berrigan, J.). The nature of the cause of action determines the applicable prescriptive period. Because actions for negligence sound in tort, they are considered delictual actions. *Lemon v. Mike Smith Forest Products, LLC*, No. 07-6540, 2009 WL 2765648 at *2 (E.D. La. Aug. 26, 2009) (Lemelle, J.) ("A delictual action is one arising from intentional misconduct, negligence, or other offenses and quasi-offenses."). As such, claims of negligence are subject to a one-year liberative prescription period which "commences to run from the day injury or damage is sustained." LA. CIV. CODE ANN. art. 3492 (1983).

The running of prescription will be interrupted when the party against whom prescription runs commences an action in a "court of competent jurisdiction and venue." LA. CIV. COD. ANN. art. 3462 (1982). The Supreme Court of Louisiana has recognized that "when a lawsuit is filed . . . in a competent court, prescription is interrupted because the legal system is put into motion and the purposes of prescriptive laws are satisfied." *Gary v. Camden Fire Ins. Co.*, 96-0055 (La. 7/2/96); 676 So.2d 553, 556. "The interruption of prescription against one solidary obligor is effective against all solidary obligors...." LA. CIV. CODE ANN. art. 1799 (1984). If a court determines that prescription has been interrupted, "the time that has run is not counted," and prescription "commences to run anew from the last day of interruption." LA. CIV. CODE ANN. art 3466 (1983).

5

Plaintiff argues that the filing of his workers' compensation claim with the Louisiana OWC within one year of the alleged incident was sufficient so as to interrupt prescription of all subsequent tort claims arising from the incident, in part because "his *exclusive* remedy was under the Workers' Compensation Act." (Rec. Doc. 15, p. 7). The Louisiana Supreme Court has repeatedly held that the filing of a workers' compensation claim interrupts prescription as to subsequent claims in tort law. *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1390 (La. 1993); *Gary*, 676 So.2d at 556. Citing to this precedent, Louisiana courts have recognized that "because the OWC is the only forum where an employee can bring a claim for a work-related injury . . . the OWC is a court of competent jurisdiction for the purposes of interrupting prescription against a third-party tortfeasor who is jointly or solidarily liable." *Gray v. Mounir*, 99-538 (La. App. 3 Cir. 11/3/99); 746 So.2d 746, 749. Additionally, this Court has relied on the aforementioned state precedent in acknowledging that the filing of a worker's compensation claim with the OWC is sufficient to interrupt prescription as to the employer or other solidary tortfeasors. *Andrews v. Strauss*, No. 02-0228, 2002 WL 31375610 at *4 (E.D. La. Oct. 18, 2002) (Barbier, J.) (relying on *Gray* in finding that filing a claim seeking compensation benefits from an employer under the Longshore and Harbor Workers' Compensation Act interrupts prescription against "third-party

6

tortfeasors who are . . . solidarily liable."). The law is clear that the filing of a workers' compensation claim with the appropriate office interrupts prescription for any tort claims arising out of the same incident. As such, Plaintiff's timely filing of a workers' compensation claim against Adcock interrupted prescription as to his personal injury claim.

Adcock asserts that a devolutive appeal does not suspend the effect of a judgment, and, therefore, does not continue interruption of prescription. (Rec. Doc. 17-2, p. 2-3). As such, Adcock contends that prescription commenced as of the date of the OWC's judgment dismissing Plaintiff's workers' compensation claim, rather than the date of the Fourth Circuit's decision affirming this judgment, causing Plaintiff's claim to prescribe on September 17, 2013. The Court finds Adcock's argument to be without merit. Louisiana law clearly recognizes that when the filing of a claim interrupts prescription of a lawsuit, this prescription runs continuously through the pendency of the claim. *Louviere v. Shell Oil Co.*, 720 F.2d 1403, 1408 (5th Cir. 1983) (certifying a question of law regarding the continuous nature of interruption of prescription for the Supreme Court of Louisiana). The Louisiana Supreme Court has also traditionally held that a claim is not finalized so long as an application for rehearing is pending, and until this rehearing is either conducted or the time to apply for rehearing has expired, "there is no judgment." *Crusel v. Tierce*,

150 La. 893, 896 (La. 1921). A case is only considered finalized and "no longer pending when further appellate review [is] unavailable. " *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (citing *Williams v. Cain*, 217 F.3d 303, 309 (5th Cir. 2000)). Moreover, this Court has recognized that the filing of a timely appeal may "continue the interruption of prescription under Article 3463." *Treadwell v. St. Tammany Parish Jail*, No. 13-5889, 2013 WL 9047424 at *8 (E.D. La. Dec. 16, 2013)(Wilkinson, J.). At the time that Adcock contends prescription commenced, on the date of the OWC's dismissal of Plaintiff's claims, Plaintiff was entitled to appeal the OWC's judgment, an option which he timely pursued. As such, Plaintiff's claim remained pending until the Fourth Circuit issued a final decision affirming the OWC's judgment. The fact that Plaintiff chose to pursue a devolutive appeal in no way impacts the running of prescription for subsequent claims. Because of this, prescription did not begin to run on Plaintiff's tort claim against Adcock until August 13, 2013, the date the Fourth Circuit issued its judgment on the workers' compensation claim. As such, Plaintiff's filing of the present lawsuit against Adcock on March 31, 2014 is timely. Additionally, because Adcock is both the employer in the workers' compensation claim as well as the defendant in the present matter, there is no need for the Court to address the issue of solidary liability.

Because Plaintiff's claim filed against Adcock had not

prescribed as of the date of filing, dismissal of this claim for the reasons alleged by Adcock is not appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *12(b)(6) Motion to Dismiss* **(Rec. Doc. 12)** is **DENIED.**

New Orleans, Louisiana this 24th day of September.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE